Dear Sheriff Hingle:
You have requested an opinion of the Attorney General on whether the Plaquemines Parish Sheriff's Office may enter into a cooperative endeavor agreement with the Plaquemines Port, Harbor and Terminal District. Under the proposed agreement the Sheriff's Office would provide certain law enforcement and security services to the Port, including, but not limited to, conducting marine patrols, conducting patrols of the levees and dock areas, performing search-and rescue missions on approximately 120 miles of the Mississippi River and on other navigable waterways within the Parish and boundaries of the Port district, seeking, finding and detaining illegal immigrants and stowaways and persons who commit offenses in and around the Port district and/or Port facilities, and maintaining search-and-rescue capabilities. In return for these services the Port would pay to the Sheriff Office a fixed annual fee.
Article 7, Section 14(C) of the Louisiana Constitution authorizes the state and its political subdivisions to engage in cooperative endeavors for a public purpose with governmental agencies, public or private corporations and/or individuals. Our office has consistently opined that such a cooperative endeavor, to be legally permissible, must be made pursuant to a valid legal obligation; must be for a public purpose; and, it must result in a public benefit that is proportionate to its cost. See Atty. Gen. Op. No. 01-86 and 01-0290.
The Plaquemines Port, Harbor and Terminal District was organized pursuant to La.R.S. 34:1351 1365. The Port is a political subdivision of the State of Louisiana and is geographically coextensive with the Parish. The governing body of the Port is the same as the governing body of the Parish, that being the Plaquemines Parish Council. The Port is given the power to regulate the commerce and traffic within the port district including the authority to charge a reasonable fee to each vessel arriving in ballast or carrying cargo of any kind pursuant to La.R.S. 34:1356. Federal law requires that these fees or tariffs not exceed the reasonable costs of services to the Port and its users and that revenues from the fees actually be used to provide such services. Shipping Act of 1984, 46 U.S.C. § 1701-1720. See also NOSA vPlaquemines Port, Harbor and Terminal District, 874 F.2d 1018 (5th cir. 1989), NOSA v. Plaquemines Port, Harbor and Terminal District,838 F.2d 536, (D.C. Cir. 1988). The Port Tariff currently in effect includes a fee for policing the river and riverfront and all navigable waterways, as well as the banks, battures, and contiguous and adjacent areas affected by port, harbor, terminal, water, and marine activities. See Plaquemine Port, Harbor Terminal District Tariff #1 effective July 20, 1984. In order to provide the additional law enforcement duties authorized by the tariff the Plaquemines Port, Harbor, and Terminal District and the Plaquemines Parish Sheriff would enter into a cooperative endeavor agreement wherein the Sheriff would provide the additional law enforcement and security services for which the tariff has been assessed and the Port would pay the Sheriff an amount equal to the cost of the law enforcement and security services. Previous opinions of our office have stated that the parish sheriff has the responsibility in the entire parish for enforcement of all State, Parish, local laws and ordinances. Atty Gen. Op. No. 94-105 and No. 83-17. Accordingly, the Sheriff has a legal obligation to provide law enforcement and security services to residents and businesses within the parish, including the Port. Providing such services clearly furthers a public purpose in providing for the welfare, health and safety of persons and property within the parish.
It is therefore the opinion of this office that the Plaquemines Parish Sheriff Office is sanctioned and authorized to enter into a cooperative endeavor agreement with the Plaquemines Port, Harbor and Terminal District for the purpose of providing additional law enforcement and security services which are reasonably related to the current tariff assessed the shipping industry. Providing such services clearly falls within the legal duties and obligations of the sheriffs' office and will serve a public purpose in providing for the welfare, health, and safety of persons and property within the parish. Because the Port District will pay the costs of providing these services from a tariff or fee assessed the shipping industry, we can assume that the value or benefit of the services will be commensurate with the costs paid by the Port District.
We trust this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ RICHARD L. MCGIMSEY Assistant Attorney General
RPI/RLM/dam
Date Received:
Date Released: October 24, 2003